reversed and modified so as to allow the executor only $9,818.46 for his commissions and to charge him with the costs of the suit below.

The appellants ought also to have their costs in this court, to be paid by respondent.

*Decree unanimously reversed.*

DEMPSEY D. BUTLER, appellant,

*v.*

MARTHA BUTLER, respondent.

A decree for a divorce obtained by a husband on the ground of adultery, was opened on account of surprise and fraud, and the wife allowed to answer and defend. While the suit was in progress, temporary alimony was granted to the wife. The husband then applied for leave to dismiss his bill. The wife opposed and filed a petition for permanent alimony, which was allowed. —*Held*, that the court had power to grant the wife permanent alimony.

On appeal from a decree advised by Vice-Chancellor Bird, whose opinion is as follows :

This petition is for alimony. The circumstances of this case will justify the court in decreeing the highest sum that the income of the defendant and circumstances of the parties will allow under the rules which have long been established as a guide. The defendant should pay as much as will support the wife in the same degree of comfort as she might reasonably expect to enjoy if living with him in a state of domestic happiness. Regard is ever had to the income of the husband. There has been considerable evidence on the subject of income. It appears that his sources of income are houses and lots and his personal effects, although there was no evidence, I believe, as to his capacity to labor.

The net income from his houses is stated at $640.90. I will

Butler *v.* Butler.

add to this $200 for net earnings from his own personal exertions. He is a strong, able-bodied man, and can doubtless earn considerably more than enough to support himself. If I give her $6 per week it will be more than one-third of his entire income. I will advise a decree that he be required to pay that amount every week. I think the law justifies this, but am not satisfied to advise a greater sum at present. The court is at all times open for these suitors, and leave can be had to take further steps whenever it appears that circumstances require it. The payment should date from January 14th, 1883. From what has passed in the presence of the court, I cannot allow beyond that time.

*Mr. David J. Pancoast,* for appellant.

*Mr. Thomas B. Harned,* for respondent.

The appellant in this case filed his petition in the court of chancery for a divorce on the ground of adultery. The cause came on *ex parte,* and the divorce was granted. This decree was afterwards opened upon the ground of surprise, and that it had been obtained through gross fraud, and the defendant was permitted to answer and defend. The testimony taken under the proceedings to open the decree was very voluminous, disclosing a case of unusual heartlessness, fraud and abandonment on the part of the husband, who had sought the aid of the court to rid himself of his innocent and unsuspecting wife.

Pending these proceedings the court granted alimony. After the husband was foiled in his scheme, and for the manifest purpose of escaping the payment of alimony, he made an application to the court for leave to abandon his suit and dismiss his bill. This application was resisted, and defendant asked leave to file her petition for permanent alimony. The motion to dismiss bill was made in the latter part of the year 1882, and the husband ceased at that time to pay any alimony and has paid none since. The court afterwards made the order dated February 8th, 1883. After said order had been made, the husband made no objection

and took no appeal. The court having control of the parties and the testimony up to that time taken, had a full right in its discretion, and for the purpose of administering justice, to make the order aforesaid, and especially under the circumstances of this case. The vice-chancellor, in his conclusions in this case, said : " The cases in England which bear upon this subject favor this method. *Schira* v. *Schira, L. R. (1 Prob. & Div.) 466,* was very similar in all essential features to the case we are now considering. The court allowed the wife to proceed on her petition for divorce for desertion and alimony. The only reason assigned was that it was more favorable for the original petitioner, in saving him costs, than for the wife to commence *de novo* and bring him in by subpœna."

It is submitted that said order was not in contravention of the practice of our court of chancery, but in the full spirit of its rules, which aim at a speedy method of determining equities between the parties. If husband felt aggrieved, he had a right, and should have appealed from said order, but he chose to acquiesce. The wife duly filed her petition, pursuant to said order, and the day fixed for a hearing thereon was delayed from time to time, by mutual arrangement, when said parties submitted proofs, under the said petition, filed under said order, and argument was had on same. No objection was made by the husband or his counsel as to technical practice, but the facts were submitted and argument had upon the merits alone. The court, upon said testimony and arguments, granted permanent alimony, and decree was entered accordingly, September 28th, 1883. The appellant, by his appeal, at this time attempts to escape said decree, upon the merest technical objection. He does not attack the merits, but asks the court to relieve him of a solemn duty, after he has had a full chance to defend, and actually defends, without objection to the practice by which he is before the court. He is deprived of no right, legal or equitable, but at this late day asks this court to set aside above decree, after he has submitted his defence before the court on the merits and been defeated.

It is submitted—1. That said order allowing respondent to

file her petition was lawful, and in no wise worked an injury to appellant or deprived him of any lawful right.

2. That the appellant having proceeded to hearing under said petition without objection, and submitted his case to the court upon its merits, he is bound by the finding of the court and must obey the decree.

PER CURIAM.

This order unanimously affirmed, for the reasons given by Vice-Chancellor Bird.

---

DANIEL MORRIS, appellant,

*v.*

RICHARD A. F. PENROSE et al., respondents.

In 1861, the complainant conveyed certain lands to Quigleys, together with a plot twenty feet square, in an adjoining tract. In 1873, he conveyed all the adjoining tract to Mrs. Penrose, without excepting the said plot. In 1879, Mrs. Penrose, who had exclusive possession of the whole tract conveyed to her, was evicted by the Quigleys, who had, meanwhile, obtained a riparian title to the whole tract between complainant's original lands and the ocean. In 1881, Mrs. Penrose died, and in 1882 her executor brought an action at law against complainant for breach of the covenant of warranty in her deed. Thereupon, complainant filed his bill to enjoin that action, on the ground of mistake in Mrs. Penrose's deed, and asking that her deed be reformed, by inserting therein an exception of the said plot.—*Held*, that the application should be denied, on the ground that there was no proof that the mistake was mutual, and that, even if there had been proved a promise made to complainant by Mrs. Penrose's attorney, at the time her deed was executed, to insert an exception of said plot, in her deed, such promise could not be deemed hers, so as to entitle complainant to the relief sought.

---

On appeal from a decree advised by Vice-Chancellor Bird, whose opinion is as follows: